[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on October 5, 1986 at Derby, Connecticut. They have resided in this state since that date. There is one minor child issue of the marriage: Alex Joseph Birch, born August 14, 1991.
The evidence presented at trial has clearly established the allegation that the marriage has irrevocably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82, 46b-84 and 46b-62 C.G.S. in reaching the decisions reflected in the orders that follow.
The plaintiff is 38 years of age and in good health. He has been employed as an electrical engineer at General Data Comm. for the past 16 years. He earns approximately $96,772 gross per year.
The defendant is 42 years of age and in good health. She has been employed as a teacher for the past ten years and earns approximately $43,318 gross per year.
Unfortunately, the parties grew apart in the last two to three years. The parties were unable to resolve their marital CT Page 1426 difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall enter:
CUSTODY
 1. There shall be joint legal custody of the minor child with primary physical residence with the defendant mother.
 2. The parties shall confer and discuss with each other on all major decisions involving the health and education of the minor child.
 3. The father shall be entitled to all school records, including report cards and notices of school events and activities and all medical records and information pertaining to the minor child.
 4. Day to day decisions shall be made by the parent who has the child.
VISITATION
The father shall be entitled to reasonable, flexible and liberal visitation with the minor child to include but not be limited to the following:
 1. Alternate weekends from Friday after school to Monday morning when the father shall return the child to school. If there is no school on Monday, the father shall return the child to school on Tuesday morning.
 2. Every Wednesday from 5:30 p. m. overnight to Thursday morning when the father shall return the child to school.
 3. The father shall be permitted to take the child to Cub Scouts and the monthly meeting of scouts.
 4. The father shall have the child on Father's Day. The mother shall have the child on Mother's Day.
 5. The father shall be entitled to have visitation with the minor child on the major holidays of Christmas, CT Page 1427 Thanksgiving, Easter, Fourth of July, Labor Day and Memorial Day and school vacations at such times as the parties shall agree. If the parties are unable to agree on the time, then they are referred to Family Relations to mediate and work out a holiday schedule. If this is unsuccessful, then the parties shall return to court for a hearing and orders thereon.
 6. The mother shall not enroll the child in any extra curricular activities without first discussing and conferring with the father, keeping in mind the visitation schedule of the father and the best interests and desires of the minor child.
 7. The father shall be entitled to three weeks of summer vacation with the minor child.
CHILD SUPPORT
 1. The plaintiff shall pay to the defendant as child support the sum of $205 per week in accordance with the Child Support Guidelines, commencing one week from date.
 2. The plaintiff shall be responsible for 55% of the unreimbursed medical and dental expenses incurred by the minor child after the first $100 deductible has been paid by the defendant.
 3. The plaintiff shall contribute 55% of the cost of any childcare, in accordance with the Child Support Guidelines.
 4. The defendant wife shall continue to maintain health insurance for the benefit of the minor child as the same is available to her through her employment.
 5. The plaintiff husband shall maintain a dental policy for the benefit of the minor child, provided such a policy is available to him through his employment, at a reasonable cost.
REAL ESTATE
 1. The parties are the joint owners of the marital home CT Page 1428 located at 7 Toppenfjell Lane, Oxford, Connecticut. The property has a fair market value of $270,000 and is subject to a first mortgage of approximately $175,382 and a second mortgage of $12,000 (home equity loan).
 2. It is ordered that said property be listed with a real estate agent and sold forthwith. After the payment of the mortgages, real estate commission, attorneys' fees and usual closing costs, the net proceeds shall be equally divided between the parties 50/50.
 3. The wife shall be responsible for the first mortgage and home equity loan on the home until the property is sold. She shall be entitled to a credit for any reduction in the principal of the first mortgage and the home equity loan from now until the closing.
 4. The court shall retain jurisdiction over any disputes arising out of the sale of the real estate.
ALIMONY
The husband shall pay to the wife as alimony the sum of $200 per week commencing one week from date. Said alimony shall terminate on the death of the wife, her remarriage or cohabitation as defined by statute, the death of the husband or four years from date, whichever event shall first occur.
TAX EXEMPTION
 1. If the parties file separate income tax returns for the year 1999, the plaintiff shall be entitled to claim the minor child as a dependent for federal and state income tax purposes.
 2. The defendant shall be entitled to claim the minor child as a dependent for the year 2000 and on alternate years thereafter. This provision shall be modifiable.
PERSONAL PROPERTY
 1. The plaintiff and the defendant shall equally divide the following: CT Page 1429
 The U.S. savings bonds, the G.D.C. stock (General Data Comm.) owned as the date hereof, and any stocks or bonds in the wife's name.
 2. The following savings accounts shall be the sole property of the wife: BTFCU Savings, NSB Savings, MSFCU Savings and HTFCU Savings.
 3. The plaintiff shall be entitled to his 1988 Jeep motor vehicle.
 4. The defendant shall be entitled to the 1998 Buick motor vehicle and shall be solely responsible for the loan thereon.
 5. The plaintiff shall be entitled to his G.D.C. stock options.
PENSIONS
 1. The wife shall be entitled to 40% of the husband's 401(k), to be secured by means of a QDRO.
 2. The wife shall be entitled to her 403b account and her State of Connecticut teacher's retirement account.
LIFE INSURANCE
 1. The plaintiff shall continue to maintain the life insurances as set forth on his financial affidavit and shall name the minor child as an irrevocable beneficiary thereon for so long as he has an obligation for child support. This provision shall be modifiable.
 2. The defendant shall continue to maintain the life insurances as set forth in her financial affidavit and shall name the minor child as an irrevocable beneficiary thereon for so long as the child is a minor. This provision shall be modifiable.
COUNSEL FEES
The defendant is awarded counsel fees in the amount of $1500 to CT Page 1430 be paid by the plaintiff within 60 days of date.
DEBTS
The defendant shall be responsible for the liabilities as listed on her financial affidavit.
The Court
Coppeto, J.